**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CRETE CARRIER CORP.** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 1:21−cv−00328−ELH |
| **SULLIVAN & SONS, INC. d/b/a SULLIVAN'S GARAGE** | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER**</u>

Plaintiff, Crete Carrier Corp. (hereinafter "Crete"), by and through its undersigned attorneys, Tamara B. Goorevitz, Renee L. Bowen, James K. Hetzel, and FRANKLIN & PROKOPIK, P.C., hereby moves for an Order modifying the Court's March 22, 2021 Scheduling Order (ECF 9) and in support thereof states as follows:

1. On March 22, 2021, the Court entered a Scheduling Order and assigned the following deadlines:

   - May 7, 2021: Plaintiff's Rule 26(a)(2) disclosures
   - June 7, 2021: Defendant's Rule 26(a)(2) disclosures
   - June 21, 2021: Plaintiff's rebuttal Rule 26(a)(2) disclosures
   - June 28, 2021: Rule 26(e)(2) supplementation of disclosures and responses
   - August 20, 2021: Discovery deadline; submission of status report
   - August 27, 2021: Requests for admission
   - September 20, 2021: Dispositive pretrial motions deadline

2. Following the issuance of the Scheduling Order, Crete requested a show cause hearing on Crete's cause of action for replevin. The Court subsequently set a show cause hearing for May 28, 2021 and set an aggressive briefing schedule in advance of same, with Crete's memorandum in support of a writ of replevin due April 16, 2021, Defendant's opposition due April 30, 2021, and Crete's reply due May 14, 2021. The Parties have therefore focused their time and

resources on the issues involved in the replevin hearing, with the understanding that the outcome of the replevin hearing may result in the streamlining of the issues involved in this litigation.

3. Prior to initiating litigation in this matter, Crete retained an expert witness to for consultation purposes and to provide opinions related to, *inter alia*, the unreasonableness of the towing and storage charges assessed by Defendant in this matter.

4. Once Crete initiated litigation in the above-captioned matter, Crete intended to designate its previously retained expert witness by May 7, 2021 in compliance with the Court's Scheduling Order.

5. However, on or about April 30, 2021, Crete's retained expert witness identified a conflict which would potentially preclude Crete's expert from testifying in the case *sub judice*.

6. Upon discovery of Crete's expert's potential conflict, Crete's counsel contacted counsel for Defendant by phone and by e-mail requesting Defendant's counsel contact undersigned counsel so that counsel could discuss modification of the Scheduling Order deadlines and obtain Defendant's consent for same. *See* May 3, 2021 e-mail attached hereto as **Exhibit A.**

7. Crete's counsel subsequently spoke with Defendant's counsel by telephone on May 3, 2021 and requested a brief extension of the Scheduling Order deadlines until after the replevin hearing, noting that the outcome of the replevin hearing could impact the trajectory of the case and streamline the issues, thereby potentially saving the Parties and the Court otherwise unnecessary time, expense, and resources. Defendant's counsel stated he would discuss the requested modification with his client and co-counsel.

8. The next day, on May 4, 2021, counsel for Defendant advised undersigned counsel that Defendant had instructed counsel to "resist any change of the currently set expert deadlines"

but conceding that "at the time of scheduling, [Defendant] thought it was best that the expert issues be resolved after the time for motions." *See* May 4, 2021 e-mail attached hereto as **Exhibit B**.

9. Crete acknowledges that it took the position, and still maintains at the time of this Motion, that the Parties should be required to designate expert witnesses prior to the filing and resolution of any potential dispositive motions, as the subject of any expert testimony will almost certainly have a bearing on the issues briefed and argued in any dispositive motions. However, the newly identified potential conflict with Crete's retained expert constitutes good cause, and the necessity, for a modification of the current Scheduling Order deadlines to provide for a brief extension of time to permit Crete to identify, retain, and designate a new expert who will be permitted to testify in support of Crete's claims or obtain additional information in order to clear the potential conflict with Crete's current expert, if possible.

10. Owing to Crete's expert's conflict, and the potential for the outcome of the replevin hearing to streamline the issues and potentially negate the need for certain experts and discovery, Crete respectfully requests this Honorable Court grant a brief 60-day extension of the dates set forth within the Scheduling Order as follows:

- July 6, 2021: Plaintiff's Rule 26(a)(2) disclosures
- August 6, 2021: Defendant's Rule 26(a)(2) disclosures
- August 20, 2021: Plaintiff's rebuttal Rule 26(a)(2) disclosures
- August 27, 2021: Rule 26(e)(2) supplementation of disclosures and responses
- October 19, 2021: Discovery deadline; submission of status report
- October 26, 2021: Requests for admission
- November 19, 2021: Dispositive pretrial motions deadline

11. This is the first request to modify the Scheduling Order.

12. Further, no discovery in this matter has taken place as the Parties have been focusing their efforts on the upcoming replevin hearing in the hope that the outcome will

streamline the issues. As no discovery has taken place and there has been no trial set in this matter, no party will be prejudiced by the requested modification of the Scheduling Order.

13. Pursuant to Federal and Local Rules, a scheduling order may be modified to prevent injustice. Given the reasonable request, the denial of the instant Motion will cause injustice to Crete as it will be precluded, through no fault of its own, from designating expert witnesses in support of its claims in this case.

14. Simultaneously with this Motion, Crete has filed a Motion to Shorten Time for Defendant's Response to Motion to Modify Scheduling Order.

Wherefore, for the foregoing reasons, Plaintiff Crete Carrier Corp. respectfully requests this Court grant Plaintiff's Motion to Modify Scheduling Order, issue an Order modifying the March 22, 2021 Scheduling Order as outlined herein, and grant Crete any such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Tamara B. Goorevitz*
Tamara B. Goorevitz (#25700)
Renee L. Bowen (#19623)
James K. Hetzel (#20158)
FRANKLIN & PROKOPIK, P.C.
Two North Charles Street, Suite 600
Baltimore, MD  21201
(410) 752-8700
(410) 752-6868 (fax)
tgoorevitz@fandpnet.com
rbowen@fandpnet.com
jhetzel@fandpnet.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of May, 2021, a copy of the foregoing Motion was served via the Court's ECF system upon:

Donald E. Pallett, Esq.
Kevin A. Clasing, Esq.
Robert M. Westra, Esq.
Parker, Pallett, Slezak & Russell, LLC
11450 Pulaski Highway
White Marsh Maryland 21162
*Attorneys for Defendant / Counter-Plaintiff*

                                        */s/ Tamara B. Goorevitz*
                                        Tamara B. Goorevitz (#25700)