IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CRETE CARRIER CORP. | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: ELH-21-328 |
| SULLIVAN & SONS, INC. | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

### **Introduction**

This matter was referred to me for all discovery and related scheduling on August 10, 2021. ECF No. 55. On July 26, 2021 Automotive Support Services, a third party and non-party to this litigation filed a motion to quash Plaintiff's subpoena. ECF No. 48. On the same date, Mullens Services filed an identical motion to quash a subpoena served upon them by Plaintiff. ECF No. 49. On July 30, 2021 this matter was initially referred to me to resolve ECF Nos. 48 and 49. ECF No. 50. The Court modified its Order of referral with ECF No. 55. Responses were filed on August 9, 2021. ECF Nos. 51, 52. The motions and responses are identical for purposes of my review and will be treated together. The matter is fully briefed and there is no need for a hearing. Loc.R. 105.6 (D.Md. 2021). For the reasons set forth below, the Motions to Quash the Subpoenas are DENIED.

### **Facts**

Plaintiff is a motor carrier that owned and operated a commercial vehicle. ECF No. 1 ¶ 2. Defendant is in the business of providing towing and vehicle recovery services. *Id.* at ¶ 4. Plaintiff's vehicle was involved in an accident while transporting cargo when it traveled through

1

Maryland. *Id.* at ¶ 10. The Maryland State Police were called to the scene to investigate the accident. *Id.* at ¶ 11. The State Police calls on a list of towing companies to clear the accident scenes. *Id.* at ¶¶ 12, 14. The Third-Parties, Automotive Support Services and Mullens Services, are two of several towing companies approved by the Maryland State Police that are on the list. ECF Nos. 48, 49.

In its Complaint, Plaintiff alleges that the Defendant along with the Third Parties and other towing companies conspired to change their billing practices from an hourly rate to charging per pound based on the weight of the vehicle and cargo, thereby inflating the charges assessed to the property owners. ECF No. 51 at 3. The Complaint consists of multiple counts (I) Replevin; (II) Injunctive Relief; (III) Tortious Interference with Contract; (IV) Tortious Interference with Economic and Business Relations; (V) Conversion; (VI) Sherman Act violations (VII) RICO violations; and (VIII) Maryland Commercial Law Article Sec. 11-204 violations. ECF No. 1 at 7–14. It appears to the Court that the thrust of Plaintiff's Complaint rests upon a conspiracy between the towing companies on the list to charge by weight to increase profits and control the market.

Plaintiff raised the issue of non-compliance with Local Rule 104.7, stating that movants did not attempt a meet and confer or otherwise contact Plaintiff regarding the dispute over the subpoenas. If that is correct, and it was not disputed by movants. the Court would have a basis to dismiss for non-compliance. Local Rule 104.7 (D.Md.). However, since the movants are third parties and not parties to this litigation, it is more expeditious to address the merits of their claim.

### Analysis

Fed.R.Civ.P. 26(b)(1) provides general provisions regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Discovery rules are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nevertheless, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . " Fed.R.Civ.P. 26(c)(1). Protective orders pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C.1987). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C.1988) (citation omitted).

The Court is guided by Fed.R.Civ.P. 26(b)(1) and Appendix A, Guideline 1 of the Local Rules, "to facilitate the just, speedy, and inexpensive conduct of discovery," in light of what is "relevant to any party's claim or defense; proportional to what is at issue in a case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought." Local Rules, Appendix A, Guideline 1 (D.Md. 2021).

"Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1)." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 355 (D.Md.2012). Federal Rule 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D.Md.2010). Under that rule, the Court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," considering "the importance of the issues at stake in the action, the amount in controversy, . . . the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(C)(i)–(iii); 26(b)(1).

The power of a subpoena is addressed generally in Federal Rule 45. Fed.R.Civ.P. 45. The Court may protect a person served with a subpoena from the disclosure of trade secrets and confidential information by either quashing the subpoena in response to a motion or modifying the subpoena as needed. Fed.R.Civ.P. 45 (d)(3)(B). The Court may compel compliance if the requesting party shows a substantial need for the material or testimony that cannot be otherwise met without undue hardship and ensures the persons may be reasonably compensated. Fed.R.Civ.P. 45 (d)(3)(C). Pursuant to Rule 34, non-parties may be compelled to produce documents or tangible things or permit inspection. Fed.R.Civ.P. 34 (c).

**The Third-Party Motions to Quash**

The Third Parties have moved to quash the subpoenas identically arguing that (1) they will face significant costs, (2) the requests would divulge trade secrets and proprietary information, and (3) the Complaint does not involve either Automotive Support Services or Mullens Services. The following paragraphs describe the six areas of interest in the subpoenas.

1. All invoices for towing and recovery services provided or performed by you for any vehicle with a GVW of 25,000 pounds or greater at the request of any law enforcement agency;

2. All invoices for towing and recovery services provided or performed by you for any vehicle with a GVW of 25,000 pounds or greater at the request of any vehicle owner or operator;

4

3. Any and all documents that evidence, reflect, refer, and/or relate your owners, agents, and/or employees' participation in any programs, webinars, seminars, conferences, continuing education, modules, presentations, or any other similar events during which any component of the event dealt with, mentioned, and/or otherwise related to billing practices or billing procedures for towing and recovery services, including, but not limited to, any program agenda, topics, outlines, registration documentation, and/or receipts;

4. Any and all documents that evidence, reflect, refer, and/or relate to your placement on and/or participation in any list to and/or approval to perform towing and recovery services on behalf or at the request of any law enforcement agency in the State of Maryland, including, but not limited to, all applications, written policies or procedures, training manuals or documents, qualification requirements, correspondence, applicable standards that must be maintained or followed, documents provided to you by any law enforcement agency related to police-initiated tows, complaints to the law enforcement agency regarding your services, and any disciplinary actions taken against you by the law enforcement agency;

5. Any and all documents that evidence, reflect, refer, and/or relate to any communications between you and any other individual or entity (excluding your attorneys), including but not limited to any law enforcement agency and/or any other towing companies approved to perform police-initiated tows, regarding billing practices, including, but not limited to, those communications related to rates charged, manner of calculating rates, and per pound billing; and

6. Any and all documents that evidence, reflect, refer, and/or relate to all fee schedules and/or rates charged for your towing and recovery services for vehicles with a GVW of 25,000 pounds or greater, to include both services provided at the request of a law enforcement agency and those requested by an owner or operator of a vehicle, including, but not limited to, any fee schedules, rate schedules, website postings, tariffs, or other similar documents.

ECF Nos. 48 ¶ 8, 48-1 at 4–5.

Addressing first the issue of being a non-party not mentioned in the Complaint, the Court is completely unpersuaded by the Third Parties' argument. Clearly the Rules cited above provide a method of subpoena for documents or testimony from third parties. The issue then becomes whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1). *Lynn*, 285 F.R.D. at 355.

5

In this case, Plaintiff has pled sufficient facts to allege that the towing companies approved by the Maryland State Police, not just Defendant, have conspired to increase profits by charging per weight rather than per vehicle towing rates. *See* ECF No. 1. In order to prove the allegations, Plaintiff would necessarily need documents from the other towing companies including Automotive Support Services and Mullens Services in order to determine whether they use the same pricing scheme as well as any documents that relate to communications among the approved towing companies. While that may be a broad-brush approach to the facts, it does not take a leap of faith to see the relevance of the items sought by Plaintiff. Therefore, I find that Plaintiff has met its burden of showing relevance in the information sought. Notably, movants do not address the relevance in any meaningful way, seeking to argue hardship and costs instead. Also movants presented no evidence to support attorney client privilege, referred to loosely in the objections.

It is most likely a fair assumption that any subpoena results in a hardship in the sense that it interrupts business, requires time away from normal activities, and least of all, costs money to respond. The issue is whether it is an undue hardship. The type of documents listed above, if they exist, should be kept in the normal course of business. That is what businesses do—keep records in the normal course. The Court is not persuaded by movants' arguments regarding hardship itself. However, the Court is persuaded that the cost to produce these documents places an unreasonable burden on Automotive Support Services and Mullens Services. The Court recognizes both businesses are small businesses that would be financially impacted by complying with the subpoenas. While the Motions to Quash will be DENIED as to both ECF Nos. 48 and 49, the Court will modify the ruling to require Plaintiff to reasonably compensate Automotive Support Services and Mullens Services pursuant to Fed.R.Civ.P. 45. The Plaintiff and movants here are encouraged to work together to find a reasonable method of compliance with minimal costs.

Lastly, the Court has the power to grant a motion to quash if disclosure would result in disclosing trade secrets or confidential information. Fed.R.Civ.P. 45 (d)(3)(B). Each motion is accompanied by an affidavit that simply states that the information requested includes proprietary and confidential information. ECF Nos. 48-2, 49-2. Other than pricing and types of vehicles there is no additional evidence presented to the Court regarding a need to protect the information. I find that movants here have failed to support their argument regarding confidential information and how it would adversely affect their business. Disclosure of confidential information does not support the motion to quash in this case.

### Conclusion

For the reasons stated above, Automotive Support Services' Motion to Quash (ECF No. 48) and Mullens Services' Motion to Quash (ECF No. 49) are DENIED. Plaintiff is to bear the costs of compliance with the subpoenas to both Automotive Support Services and Mullens Services.

Date: 31 August 2021

A. David Copperthite
United States Magistrate Judge